EILEEN M. DECKER
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
JAY H. ROBINSON (Cal. Bar No. 230015)
MELANIE SARTORIS (Cal. Bar No. 217560)
Assistant United States Attorneys
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (951) 276-6267
                (213) 894-5615
     Facsimile: (951) 276-6202
                (213) 894-7631
     E-mail:    jay.robinson@usdoj.gov
                melanie.sartoris@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIYA CHERNYKH,<br>TATIANA FAROOK, and<br>SYED RAHEEL FAROOK,<br><br>Defendants. | No. ED CR 16-292-JGB<br><br>STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u><br><br>CURRENT TRIAL DATE:<br>November 8, 2016<br><br>[PROPOSED] TRIAL DATE:<br>March 28, 2017 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jay H. Robinson and Melanie Sartoris, and defendants MARIYA CHERNYKH ("CHERNYKH"), TATIANA FAROOK, and SYED RAHEEL FAROOK ("defendants"), by and through

their counsel of record, David Kaloyanides, Dyke Huish, and Ron Cordova, respectively, hereby stipulate as follows:

1. The Indictment in this case was made public on April 28, 2016. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on April 28, 2016. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 7, 2016.

2. On April 28, 2016, the Court set a trial date of June 21, 2016, and a status conference date of June 6, 2016.

3. The Court has previously continued the trial date in this case from June 21, 2016 to November 8, 2016, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. The Court also continued the status conference from June 6, 2016 to October 31, 2016.

4. Defendant CHERNYKH was released on bond pending trial in this matter but, following her release, was taken into the custody of the Department of Homeland Security, Immigration and Customs Enforcement. Defendants TATIANA FAROOK and SYED RAHEEL FAROOK are released on bond pending trial. The parties estimate that the trial in this matter will last approximately 6-8 days. All defendants are joined for trial and a severance has not been granted.

5. By this stipulation, defendants move to continue the trial date to March 28, 2017 at 9:00 a.m., and the status conference to March 13, 2017 at 2:00 p.m. This is the second request for a continuance.

6. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are charged with a violation of 18 U.S.C. § 371: Conspiracy. In addition, defendant CHERNYKH is charged with violations of 18 U.S.C. § 1546: Fraud and Misuse of Visas, Permits, and Other Documents; 18 U.S.C. § 1621: Perjury; and 18 U.S.C. § 1001(a)(2): Material False Statements. This case involves a large amount of discovery, which the government estimates to include several thousands of pages of reports of investigation and other documents, and hundreds of hours of audio and/or video recordings constituting at least 4 terabytes of data. Production of discovery is ongoing. The parties reached a stipulation to request a protective order concerning discovery produced in this matter, which the Court approved, and continue to meet and confer about discovery.

    b. Defense counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

    c. Specifically, defense counsel for defendant CHERNYKH is presently in trial in People v. Lee, San Bernardino Superior Court Case No. FMB 1400414. This is a special circumstance murder trial, which commenced on September 19, 2016, and is estimated to last until November 17, 2016. He is also scheduled to be in multi-defendant Hobbs Act conspiracy trial starting on December 5, 2016, in United States v. Ausbie, et al., 16-CR-0155-JCM-CWH, in the United States District Court for the District of Nevada. Counsel is also advisory counsel for a pro se defendant in United States v. Vanderveldt, 15-CR-00082-JGB, which is a retaliation against federal law enforcement

3

officer by false claim and obstruction of the administration of the internal revenue code case set for trial on January 10, 2017. Accordingly, defense counsel represents that he will not be available or have the time that he believes is necessary to prepare to try this case on the current trial date.

        d.    Defense counsel for SYED RAHEEL FAROOK is scheduled to be in the Southern District of Texas for a sentencing hearing in <u>United States v. Smith</u>, a multi-defendant case, on November 14, 2016; in a specially set hearing in Imperial County Superior Court on November 15, 2016; and in the Southern District of New York for a sentencing hearing in <u>United States v. Linderman</u>, a multi-defendant case, on November 21, 2016.  Counsel is also scheduled to be in the following trials: (1) <u>People v. Sun</u>, Orange County Superior Court, which is set for December 13, 2016, and estimated to last 3-5 days; and (2) <u>People v. Carattini</u>, San Bernardino Superior Court, which is set for January 9, 2017, and estimated to last 6-8 days. Accordingly, defense counsel represents that he will not be available or have the time that he believes is necessary to prepare to try this case on the current trial date.

        e.    Defense counsel for TATIANA FAROOK is scheduled to be in a felony preliminary hearing on November 7, 2016, in <u>People v. Buell</u>, which is expected to involve numerous witnesses and could last for more than two days.  If the People of the State of California prevail in the preliminary hearing, the case is expected to proceed at that time without any further waivers of time by defendant.  On November 14, 2016, counsel is scheduled to be in Houston, Texas for an evidentiary hearing in a multi-defendant counterfeit and fraud case, <u>United States v. Martin</u>, that involves several out-of-state

4

witnesses. Accordingly, counsel represents that he will not be available or have the time that he believes is necessary to prepare to try this case on the current trial date.

  f. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  g. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

  h. The government does not object to the continuance.

  i. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of November 8, 2016, to March 28, 2017, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without

government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 11, 2016         Respectfully submitted,

                                EILEEN M. DECKER
                                United States Attorney

                                PATRICK R. FITZGERALD
                                Assistant United States Attorney
                                Chief, Criminal Division


                                 /s/ Melanie Sartoris
                                JAY H. ROBINSON
                                MELANIE SARTORIS
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

I am Defendant MARIYA CHERNYKH's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than March 28, 2017 is an informed and voluntary one.

/s/ David Kaloyanides                        October 12, 2016
DAVID KALOYANIDES                            Date
Attorney for Defendant
MARIYA CHERNYKH

I am Defendant TATIANA FAROOK's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than March 28, 2017 is an informed and voluntary one.

/s/ Dyke Huish                               October 12, 2016
DYKE HUISH                                   Date
Attorney for Defendant
TATIANA FAROOK

I am Defendant SYED RAHEEL FAROOK's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision

to give up the right to be brought to trial earlier than March 28, 2017 is an informed and voluntary one.

/s/ Ron Cordova                                   October 12, 2016
RON CORDOVA                                       Date
Attorney for Defendant
SYED RAHEEL FAROOK

8